DOUGLAS ET AL. *v.* STATE.

*Justices of peace—Entering judgment immediately after trial—Section 10378, General Code—Inapplicable to criminal cases.*

The provisions of Section 10378, General Code, which require a justice of the peace to enter judgment "immediately after the close of the trial, if the defendant has been arrested or his property attached," have no application to the trial of criminal cases in such court.

(Decided February 8, 1922.)

ERROR: Court of Appeals for Athens county.

*Messrs. Woolley & Rowland,* for plaintiffs in error.

*Mr. W. B. Bartels,* prosecuting attorney, for defendant in error.

MIDDLETON, J. Two questions are presented by the record in this case:

1. Are the provisions of Section 10378, General Code, which require a justice of the peace to enter judgment "immediately after the close of the trial,

if the defendant has been arrested or his property attached,'' applicable to a prosecution for unlawfully possessing intoxicating liquor?

2.   Is the evidence herein sufficient to support the judgment?

The plaintiffs in error, Clell Douglas and F. F. Potter, were charged, by affidavit before a justice of the peace, with the unlawful possession of intoxicating liquors.   They were tried upon this charge by the justice, the trial closing on the evening of September 23, 1921.   At the close of the evidence the justice adjourned the case until the next morning, September 24, when he found the defendants guilty as charged, and entered judgment against them.

It may be conceded that the provisions of Section 10378, *supra*, are mandatory, and that if they apply to the instant case they were violated by the justice and he thereby lost jurisdiction to enter judgment against the defendants.   We are not convinced, however, that the requirement in question has any application to this or any other criminal case.   It is clear that as to civil proceedings, where trial is had without a jury, this provision applies only when the defendant's property is attached.   In other words, this provision is special in civil matters and applies only to one kind of civil cases; in all other civil trials by a justice the concluding paragraph of above section controls.   Why then should the Legislature intend a provision special to only one kind of civil cases to have a general application to criminal proceedings?   We do not think it so intended.   It is provided in Section 10247 *et seq.*, General Code, that a defendant may be arrested in at-

tachment proceedings. This civil arrest may be made in connection with the attachment of his property. If the requirement of the section aforesaid was intended by the Legislature to be special, it applies only to cases pertaining to the attachment of property and the civil arrest of the defendant in connection therewith.

"When the particular provisions of a statute indicate its object and purpose, general language will be confined to those alone, unless a more extended application is clearly indicated." Black on Interpretation of Laws (2 ed.), 201.

We see no reason why the provision in question, being special in civil matters, as to attached property only, should be given a general application when applied to the term "defendant." In other words, if the Legislature intended this provision to apply to defendants generally, who were under arrest, which would include, of course, all criminal cases, why did it follow with a special provision making it applicable only to a civil case where the property of the defendant is attached? It seems to us the Legislature in this enactment had in mind the same "defendant" in both provisions, the defendant in the case of attached property and the defendant under arrest in connection therewith.

Again quoting from Black, page 196:

"It is a familiar rule of statutory construction that general terms or provisions in a statute may be restrained and limited by specific terms or provisions with which they are associated."

We are unable to believe that the Legislature ever intended to wholly deprive a justice of the peace in the trial of a criminal case of all opportunity and

means of considering the evidence in the case and reflecting upon its effect as bearing upon the guilt of the accused, and to deliberately impose upon him the duty and responsibility of entering his judgment immediately in the case. It is our conclusion that by this requirement the Legislature intended to provide for an immediate judgment in actions under the attachment law, relating both to person and property, and that, therefore, it must be confined to such defendants as are arrested under the attachment laws or whose property has been attached.

The evidence against the defendants does not furnish overwhelming proof of their guilt. A reading of the record, however, leaves the impression that some of the occupants, and perhaps all, knew of the whiskey being in the machine, and who was responsible for it being there. None of the parties have seen fit to disclose to the court what they knew of the ownership of the whiskey. In the absence of any explanation from any one in the machine regarding that whiskey, the justice would have been warranted in holding all of the occupants equally guilty. This he did not do, but his action in this behalf is no reason for disturbing his finding as to the plaintiffs in error. From the evidence it is impossible to conclude that Douglas and Potter did not know that the bottles were in the machine near their feet, and their failure to give any reasonable explanation of why it was there, or when they first knew it was there, or who first placed it there, or what became of the whiskey that was taken from the bottle which was practically empty, raises a presumption, which, in connection with other admitted circumstances in the case, indicates conclusively a

guilty knowledge on their part. We, therefore, do not feel justified in disturbing the judgment.

*Judgment affirmed.*

SAYRE and MAUCK, JJ., concur.